FILED

SEP 20 2002

CLERK
U. S. DISTRICT COURT
MIDDLE DIST OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEBBIE RHODES, )
)
Plaintiff, )
)
vs. ) CIVIL ACTION NO. 2002-B-620-N
)
SOUTHEAST WAFFLES, LLC )
d/b/a WAFFLE HOUSE, and )
DEWEY PAUL, )
)
Defendants. )

## ANSWER

Comes now SouthEast Waffles, LLC a Defendant in the above styled cause, answer and for to the Plaintiff's Complaint states as follows:

1.   The Defendant admit that the Plaintiff seeks to invoke the Court's jurisdiction pursuant to the federal statutes referred to in ¶ 1 of the Complaint, but deny that it discriminated against the Plaintiff on the basis of her gender or on any other basis, or otherwise violated the Plaintiff's rights under any of those statutes or any other applicable law.  The Defendant admits that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

2.   The Defendant denies the allegations in ¶ 2 of the Complaint, and demands strict proof thereof.

3.   The Defendant admits the allegations in ¶ 3 of the Complaint.

4.   The Defendant admits the allegations in ¶ 4 of the Complaint.

5.   The Defendant admits the allegations in ¶ 5 of the Complaint.

6. The Defendant admits that, at all times relevant to the allegations in the Complaint, both Dewey Paul and the Plaintiff were employees of SouthEast.

7. The Defendant admits the allegations in ¶ 7 of the Complaint.

8. The Defendant admits the allegations in ¶ 8 of the Complaint.

9. The Defendant denies the remaining allegations in the Complaint, and demands strict proof thereof.

### First Affirmative Defense

The Plaintiff's claims of employment discrimination under Title VII are barred as a matter of law, in that the Plaintiff failed to timely file this lawsuit.

### Second Affirmative Defense

The Defendant denies that it has discriminated in any manner against the Plaintiff.

### Third Affirmative Defense

Any equitable or declaratory relief sought by Plaintiff is barred by the doctrines of estoppel, laches or unclean hands.

### Fourth Affirmative Defense

The Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior in the workplace, including, but not limited to, having a well established equal employment opportunity policy, having a well established complaint procedure, and providing complainants with several avenues of redress. The Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided to her, including, but not limited to, her failure to file a complaint of discrimination and/or to notify management otherwise of any alleged discriminatory behavior.

**Fifth Affirmative Defense**

All of the Defendant's actions with respect to the Plaintiff were taken in good faith.

**Sixth Affirmative Defense**

The amount of any compensatory or punitive damage award that the Plaintiff might recover from the Defendant under Title VII is subject to the damage caps under 42 U.S.C. § 1981(a).

**Seventh Affirmative Defense**

The Plaintiff's claims for punitive damages are barred because the alleged discriminatory acts or omissions, if any, of SouthEast, all of which are specifically denied, (1) fail to rise to the level required to sustain an award of punitive damages; (2) were not motivated by evil intent or discriminatory intent or intent to harm; (3) do not evidence a malicious, known, oppressive or fraudulent intent to deny the Plaintiff her protected rights or to harass or otherwise discriminate against the Plaintiff; and (4) are not so wanton or willful as to support an award of punitive damages.

**Eighth Affirmative Defense**

Any claims for punitive damages by the Plaintiff cannot be sustained because any award of such damages by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a damage award, (2) is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (3) is permitted to award such damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and (4) is not subject to judicial review on the

basis of objective standards, would violate the Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by the Alabama Constitutional provisions providing for due process, equal protection and guarantee against double jeopardy.

### Ninth Affirmative Defense

Any claims for punitive damages by the Plaintiff cannot be sustained because any award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate the Defendant's due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

Respectfully submitted this 20th day of September 2002.

_____
One of the Attorneys for Defendants
SouthEast Waffles, LLC d/b/a
Waffle House and Dewey Paul

OF COUNSEL:

Charles B. Paterson (PAT1542)
Rhonda Mayse Garman (GAR079)
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, Alabama 36101-0078
Telephone 334-834-6500
Facsimile: 334-269-3115

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following counsel of record by placing same in the United States Mail, postage prepaid and properly addressed this the 20th day of September 2002:

Richard D. Lively
Law Office of Richard D. Lively
969 East Main Street
Prattville, Alabama 36066

_____
Of Counsel